ALLEN R. DAY, plaintiff in error, *vs.* CHLOE OGLESBY, defendant in error.

1. Where a minor was hired by his parent to the defendant to serve him for the term of one year as a laborer, the defendant should notify such parent of any failure on the part of such minor to perform his duty before discharging him.
2. Should such minor be discharged without such notice, the parent would be entitled to have said contract apportioned and to recover for the time during which labor was performed before the discharge.

Parent and child. Master and servant. Notice. Contracts. Before Judge STROZER. Randolph Superior Court. May Term, 1874.

For the facts, see the decision.

JAMES T. FLEWELLEN, by JOHN T. CLARKE, for plaintiff in error.

H. & I. L. FIELDER, for defendant.

WARNER, Chief Justice.

1. This case came before the court below on a *certiorari* from a justice's court. On the hearing of the *certiorari* the court overruled the same and affirmed the judgment of the justice, whereupon the plaintiff in *certiorari* excepted. It appears from the record that the plaintiff in the justice's court sued out a laborer's lien against Day, the defendant, for labor performed by her minor son, Peter, from the 1st of January, 1873, to the 1st of June of the same year, at the rate on $8 33 per month, amounting to $41 50. The defendant filed a counter-affidavit denying his indebtedness, and upon the trial of the issue thus formed, it appeared in evidence that both parties relied on a written contract, which was produced but not read in evidence; both parties agreed in their testimony as to its contents; the written contract was, however, transmitted by the justice in his answer to the *certiorari*, and was before the court when the judgment complained of was rendered, of which the following is a copy:

"I, Chloe Oglesby, this day certify that I hire my son, Peter McKay, to A. R. Day, to labor for him during the entire year 1873, for the sum of one hundred dollars; and I, A. R. Day, agree to pay the amount above mentioned when the year's work has been completed. This January 14th, 1873.          (Signed)          A. R. DAY,
                              "CHLOE OGLESBY." ·

There was no controversy as to the fact that Peter worked faithfully for the defendant from the 1st of January up to the 1st of June. The defendant's pretext and defense for not paying his mother for his work is, as it was shown by the evidence, that about the 1st of June, Peter's brother, who was living near the defendant, was at the point of death, and did die, and Peter went to see him in the day time, contrary to the defendant's orders, he telling him that if he went to see his brother, not to return, and that was the reason why Peter did not return. It was said on the argument here, that the

reason why the defendant would not let Peter return was, that his brother whom he went to see, was sick with the measles, and was afraid he would catch the disease, and it would be introduced by him to his other hands and family, but that fact does not appear in the return of the justice, nor by the verdict of the jury on the traverse of the justice's return. The contract in this case was made by the defendant with the mother of Peter, for his services as her son. It was conceded on the argument that Chloe and Peter were free persons of color. The 1669th section of the Code declares that "every colored child born before the 9th day of March 1866, is hereby declared to be the legitimate child of his mother; but such child is the legitimate child of his colored father only when born within what was regarded as a state of wedlock, or when the parents were living together as husband and wife." There is no evidence in the record going to show that Peter was the legitimate child of any one except his mother, and therefore she was entitled to his services during his minority; being the only recognized parent of Peter, she had the right to exercise all the paternal power over him : Code, 4799; *Alfred vs. McKay*, 36th *Georgia Reports*, 440. The contract having been made with *her* for Peter's services, he should have notified her and obtained her consent, before he discharged Peter from his employment, or, at least, have notified her of his failure to perform his duty before discharging him from his employment under his contract with her. Inasmuch as the defendant discharged Peter from his employment without notifying his mother, with whom he made the contract, of any failure of duty on his part (admitting that going to see his sick brother under the circumstances *was* a failure of duty) she had the legal right to treat the contract as at an end by the act of the defendant, and to have the contract apportioned, as provided by the 2726 section of the Code, and to recover that portion which was due under the contract for the time he labored for the defendant. The defendant had the labor of Peter from the 1st of January up to the 1st of June, under the contract, and he *ought to pay for it*, and if he is unwilling

to do so, it is the duty of the courts to compel him to perform his legal and moral obligations in that respect. There was no error in overruling the *certiorari* and affirming the judgment of the justice, in view of the facts disclosed in the record.

Let the judgment of the court below be affirmed.