## Hill vs. Balkcom.

Where a teacher agreed to teach the children of a patron, together with other children, for nine months for $45, if he taught for only eight and a half months, he could not recover in a suit based on the contract, whatever might have been the case if the suit had been upon a *quantum meruit* or a general *indebitatus assumpsit*. Where the contract is entire, performance by the party undertaking the work is a condition precedent to a recovery against the other party upon the contract; *aliter*, if the contract had been severable or could be apportioned, as, if it had been to teach for nine months at five dollars per month.

(a) Where there is a special contract which has been performed on one side, and there is nothing left to be performed but payment on the other, a recovery can be had either upon the contract or upon a general *indebitatus assumpsit* or *quantum meruit*.

February 18, 1888.

Contracts. Actions. *Quantum Meruit. Indebitatus Assumpsit.* Before Judge JOHN T. CLARKE. Quitman Superior Court. March Term, 1887.

The contract sued on in this case was as follows:

"We, the undersigned, patrons of 'Grange Hall Academy,' do agree to pay W. A. Hill the several amounts annexed to our names

for teaching a term of nine months, including public school, at the above named academy, commencing the first day of September next, tuition payable on first day of September, 1885. This the 7th August, 1884."

This was signed "J. M. Balkcom, $45," among other signatures.

WM. HARRISON, by J. H. GUERRY, for plaintiff in error

J. W. LEE, by W. D. KIDDOO, for defendant.

BLANDFORD, Justice.

Hill brought this action against Balkcom upon a contract, in which he (Hill) had agreed to teach Balkcom's children, together with other children, for nine months for $45. The court below held that, inasmuch as he showed that he did not teach but eight and a half months, he could not recover. To this ruling Hill excepted, and this is the error complained of here.

We think the court below was right in its ruling. Had the suit been upon a *quantum meruit* or a general *indebitatus assumpsit*, it would have presented a very different question. But where the action was upon the contract itself, inasmuch as he showed he had not performed his part of the contract, he of course could not recover.

This case is similar to that of Cutter *vs.* Powell, reported in Smith's Leading Cases, Vol. II, Part 1, p. 1. In that case, a seaman engaged, for a certain sum, to proceed, continue and perform certain duties during a voyage from Kingston, Jamaica, to Liverpool; and he died a few days before reaching the port of Liverpool. The court of King's Bench held that his administratrix could not recover upon an *indebitatus assumpsit;* that performance on his part was a condition precedent to the payment of the money by the other contracting party. That is a very interesting case; and the English and American notes to the case

as reported, embrace numerous cases on this subject. Other cases upon the same line were referred to by the counsel who argued this case, among them decisions of our own court.

A contract is either entire or severable. If it be severable, the party who has performed a portion thereof may recover for that portion from the other contracting party. And an entire contract may be apportioned. For instance, if Hill had agreed to teach this school for nine months at $5 per month, the contract could have been apportioned, although he had failed to teach for the full term agreed upon. Upon this subject see code, §§2641, 2725, 2726; also 19 *Ga.* 416; 30 *Ga.* 877; 41 *Ga.* 331; 43 *Ga.* 305; 53 *Ga.* 648; 22 *Ga.* 184. In the case of *Freeman vs. Greenville Masonic Lodge*, 22 *Ga.* 184, a contractor agreed to build a house, the work to be paid for in instalments at stated times, but having failed to complete the work, the building was accepted and finished by the other party; and this court held that the contractor could recover for his services upon the part he had built.

There is another class of decisions to the effect that, where there is a special contract which has been performed on one side, and there is nothing left to be performed but payment on the other, a recovery can be had either upon the contract, or upon a general *indebitatus assumpsit* or *quantum meruit.* Such is the case of *Hancock vs. Ross,* 18 *Ga.* 364; and there are various other cases to the same effect.

Judgment affirmed.