## PETERSON *v.* ATLANTIC AND BIRMINGHAM RAILROAD COMPANY.

A right of way deed, executed by P. to a railroad company, recited that in consideration of one dollar the grantor conveyed to the grantee, its successors and assigns, "a right of way through any all lands owned by me in Coffee county, to wit: one hundred feet from the center of track on each side, making two hundred feet, which is to be the property of the said Waycross Air Line Railroad Company, its successors and assigns, forever.

The lands over which said right of way runs being described as follows : Lot of land 176 in the 6th district of originally Appling, now Coffee." Immediately following the above was this : "In consideration of the above sum paid I agree to allow said Waycross Air Line Company the exclusive privilege to build and operate a railroad over any and all lands owned by me in said county ; provided said railroad is built to said land by the 15th day of April, A. D. 1895." *Held*, that the right of the railroad company to locate and construct its road upon the property described in the deed was dependent upon its having built a railroad to the land by the time named in the deed ; and upon its failure to do so, its right to locate a right of way over the land was lost.

Submitted July 14, — Decided August 12, 1904

Action for damages.    Before Judge Henderson.    City court of Valdosta.    January 6, 1904.

*Dart & Roan,* for plaintiff.

*J. L. Sweat* and *Quincey & McDonald,* for defendant.

COBB, J.    The case turns upon the construction of the paper the material parts of which are set forth in the headnote.    The well settled rule in this State is, that, disregarding all technical rules of construction, effect shall be given to the intention of the maker of an instrument, as far as the same is lawful and can be gathered from the contents of the paper ; and the intention of the parties shall be enforced irrespective of all technical or arbitrary rules of construction.    Civil Code, § 3673 ; *Mitchell* v. *Turner,* 117 *Ga.* 958, and cit.    Keeping this rule in mind, as well as the one which requires that the whole of a contract shall be looked to in arriving at the construction of any part, and the one which provides that time is not generally of the essence of a contract but may become so by express stipulation or reasonable construction, let us look to the paper and ascertain, if possible, what was the intention of the parties to the same.    In all reason there seems to be but one answer to this question ; and that is, that it was the intention of the maker to give to the railroad company, and of that company to receive, a right of way through the lot named, upon the condition that a railroad should be built to that lot by the time specified in the contract, and that if the railroad was not built by that time, the railroad company was not to be entitled to a right of way over the lot named in the contract.    Under this view of the matter, the court erred in directing a verdict for the defendant.    There was no error in refusing to

allow the amendment to the petition. If intended as a construction of the deed, it was unnecessary; and if intended to add terms to the deed, it was not allowable.

*Judgment reversed. All the Justices concur.*