## TRAWICK *v.* TRUSSELL.

1. The agency of the wife and her act in consenting to an abandonment of the entire contract by the plaintiff was not repudiated by the husband.
2. The evidence was sufficient to warrant an apportionment of the entire contract.
3. The evidence as to the disputed items in the account of the plaintiff, and as to the set-off of the defendant, was conflicting, and there was no error of law requiring the grant of a new trial.

Argued February 11, — Decided March 6, 1905.

Complaint.   Before Judge Taliaferro.   City court of Sandersville.   May 24, 1904.

W. R. Trussell sued J. W. F. Trawick on an open account. While the defendant denied all the allegations in the petition, yet there was a dispute only as to a few of the items.   About these the evidence was conflicting.   The plaintiff contended that for his service at the gin the defendant was to house the plaintiff's crop; that he charged defendant's account with $50, because the latter charged him with the cotton picking.   He also claimed that he had been employed by the defendant to look after the latter's farm and sawmill; that he was to be furnished a house and paid $250 for a year's work; that in May the defendant was taken seriously sick and was unable to attend to business for ten or eleven months; and that the plaintiff at the expiration of ten months, while the defendant was still ill and unable to attend to business, and with the consent of the defendant's wife, discontinued work under the contract for the year; and he claims $203 in the account for work for this part of the year.   The defendant denied the correctness of this item, and claimed that he owed only $80 for the time the plaintiff worked; and that there should be a deduction even from this sum, because of time lost.   In his testimony the defendant insisted that he had employed the plaintiff at $15 a month during the time he should work on the farm,

and $20 a month during the time he should work on the sawmill and gin. It is assigned as error that the verdict was contrary to law, because the plaintiff's testimony showed an entire contract, and that, having abandoned it before the expiration of the year, he could not recover.

*Evans & Evans,* for plaintiff in error.
*Howard & Jordan,* contra.

LAMAR, J. (After stating the facts.) Neither the pleadings nor requests to charge raised any question as to the right to apportion an entire contract. *Hill* v. *Balkcom,* 79 *Ga.* 444. It may be involved in the assignment that the verdict is contrary to evidence. The plaintiff's testimony showed that he was to receive $250 for a year's work; that the employer became ill and unable to attend to business; that at the expiration of ten months the plaintiff, with the consent of the employer's wife, left his service, and is now seeking to recover the value of his labor for that period. The rule laid down in *Cutter* v. *Powell,* 2 Smith's L. C. 1, has been disregarded in some jurisdictions, doubted in others, and where followed is recognized as a harsh rule and not to be extended. The evidence here is sufficient to warrant an apportionment. Civil Code, §§ 3643, 3644. The employer's wife testified that she acted as agent for her husband during his illness, and consented for the plaintiff to discontinue work. The husband while on the stand did not repudiate her act in permitting the plaintiff to leave the farm at the end of the ten months. In effect he recognized and ratified what she had done. The evidence as to the disputed items in the plaintiff's account, and as to the set-off by the defendant, was conflicting. There is nothing in the charge or the rulings of the court which requires the grant of a new trial.

*Judgment affirmed. All the Justices concur.*