ATLANTIC COAST LINE RAILROAD CO. *v.* SWEAT, admr.

No. 9191.   June 19, 1933.   Adhered to on rehearing, September 26, 1933.

700

704

*Wilson, Bennett & Pedrick,* for plaintiff in error.

*Blalock & Blalock,* contra.

RUSSELL, C. J. ■ This case turns upon the construction of the instrument executed by George W. Stansell in 1860. "The well-settled rule in this State is, that, disregarding all technical rules of construction, effect shall be given to the intention of the maker of an instrument, as far as the same is lawful and can be gathered from the contents of the paper; and the intention of the parties shall be enforced irrespective of all technical or arbitrary rules of construction." *Peterson* v. *Atlantic & Birmingham R. Co.,* 120 *Ga.* 967 (48 S. E. 372), Civil Code (1910), § 4266; *Mitchell* v. *Turner,* 117 *Ga.* 958 (44 S. E. 17).

■ The right of amendment in this State is so broad that the allowance of one amendment changing the description of land, the recovery of which is sought, so as to diminish the area of the plat, will not thereafter preclude further amendment and debar the plaintiff from extending the boundaries of the tract sought to be recovered. Provided the proposed amendment does not extend the boundaries of the tract sought to be recovered beyond those origi-

nally contained in the petition, the plaintiff may amend and include or exclude, at his pleasure and according to the nature of his proof, any portion of the land originally described in his petition. A new cause of action is one which is not contained in the original petition.

■ There is no merit in the contention that inasmuch as the title was in the heir at law at the time of the institution of the suit, the reversion of the property was in the heir at law and the suit should have been by him and not by the administrator. "Realty descends directly to the heirs, subject to be administered by the legal representative, if there be one, for the payment of debts and the purposes of distribution. If there be a legal representative, the right to recover is in him; if there be none, the heirs may sue in their own names." Civil Code (1910), § 3657. There being administration on the estate, the administrator could recover for the benefit of the heir at law.

■ The assignments of error contained in grounds 4, 5, 6, 7, 8, 9, and 11 of the motion for new trial are without merit. Under the original grant involved in this case, such right of way as should be thereafter located and occupied through the lot of land specified was conveyed to the grantee, "to have and to hold to said railroad company so long as they, their successors and assigns, shall maintain and use said road; but to revert to the said party of the first part whenever said road shall be abandoned." Upon a proper construction of the contract, the word "road" should be held to mean that part of the railroad to be constructed through the land lot in question, and not the entire line of railroad of the grantee; and the word "abandoned" should be interpreted in the light of the other language used, and not in a technical sense. Upon a construction of the whole instrument with a view of ascertaining the intention of the parties, a failure to "maintain and use said road" as above defined would constitute an abandonment within the purview and meaning of the particular agreement. While nonuser alone will not ordinarily constitute an abandonment, the parties to the grant here under construction virtually contracted that a nonuser would amount to such. *McElwaney* v. *MacDiarmid*, 131 *Ga.* 132 (2) (62 S. E. 20). The language above quoted was the equivalent of a statement that the grantees and its successors would have the right to use the strip of land for a right of way so

long as "they maintained and used said road," but no longer. The agreement thus created a conditional limitation the expiration of which would ipso facto terminate the estate. *Lawson* v. *Ga. So. & Fla. Ry. Co.*, 142 *Ga.* 14 (82 S. E. 233). After the happening of such event, a new occupancy by the grantee, or a successor, would not reinvest the occupant with title. *Carr* v. *Georgia Railroad*, 74 *Ga.* 73 (1 *b*).

(*a*) The instruction of which complaint is made sufficiently explained to the jury the meaning of the word "abandonment," of the property sued for, especially as in other portions of the court's instructions to the jury they were told that there must be evidence of clear and decisive acts on the part of the defendant tending to show an intentional abandonment of the easement. If further instructions upon this feature of the case were desired, there should have been a timely and appropriate written request therefor.

(*b*) Even if a failure to maintain and use the road could not be established by proof of a mere nonuser as indicated above, and if the right of the railroad company would not be terminated unless there was an abandonment as defined in *Mayor &c. of Savannah* v. *Barnes*, 148 *Ga.* 317 (96 S. E. 625, 9 A. L. R. 419), and *Tietjen* v. *Meldrim*, 169 *Ga.* 678 (151 S. E. 349), the charge of the court, when considered as a whole, sufficiently covered the subject of abandonment, in the absence of a timely and proper request for more specific instructions.

■ In ground 10 of the motion for a new trial the plaintiff in error avers that the court erred in charging the jury: "Look to the evidence and see whether or not it has been shown that the property sued for has been abandoned by . . decisive action of the successors of the Brunswick & Florida Railroad Company," because this instruction is in conflict with other instructions, thus containing two distinct conflicting propositions, which is calculated to confuse the jury. Upon examination of this charge we find that this contention is not sustained. Nor is there merit in the complaint that the court, in the absence of a specific request, failed to define what would be necessary to constitute decisive action which would authorize the conclusion that the property had been abandoned. The court properly limited the issue to the property sued for, instead of instructing the jury that abandonment would occur only when the entire road should be abandoned.

712

■ The instruction of which complaint is made in ground 12 of the motion for a new trial, in connection with instructions claimed to be conflicting, was not calculated to mislead or confuse the jury and leave the jury in such a confused condition of mind that they could not render an intelligible verdict.

■ The request for instruction contained in ground 13 of the motion for a new trial was properly refused, in that a charge to the jury that there could be no reversion under the terms of the grant unless the entire railroad from Brunswick to Albany had been abandoned would have been without any evidence, and would have rested upon an entire misconstruction of the original grant of the right of way under the instrument executed by George W. Stansell. This portion of the request being defective, the court could properly refuse the remainder of the requested charge, even though some portion thereof may have stated a correct principle of law.

■ In grounds 14 and 15 it is contended that the court should have given certain instructions without any request. Neither of these grounds authorized the grant of a new trial. It is insisted in ground 14 that the court should have charged the jury: "After twenty years succeeding the death of an intestate, the presumption that all debts . . are paid follows such length of time. Look to the evidence; . . and if you find . . that more than twenty years has elapsed succeeding the death of said Stansell, that there are no debts of the intestate, that there was only one heir, and no necessity for division, then I charge you the title, if any, to the property sued for in this case . . is in such heir, and he alone would be the party to bring a suit for the recovery of such property; and in that case the plaintiff would not be entitled to recover the property . . alleged to have been abandoned by defendant; and without going further, you should in such event return a verdict in favor of defendant." Neither the pleadings nor the evidence required that the court should instruct the jury to the effect that, although they found that the defendant had abandoned the property and vacated it, the defendant could retake possession eight or ten years thereafter upon the ground that a portion of the land sued for was such an essential and necessary part of its railroad that the surrender of the lot sued for would interfere with the performance of the company's functions as a common carrier.

■ The evidence for the plaintiff authorized the inference that

for a period of nine years the railroad company made absolutely no use of a segment or cross-section of the right of way situated between two streets in the City of Waycross for any purpose whatsoever, a portion of this segment being the land in controversy. Plaintiff's witnesses testified that about 1895 all tracks were removed from this area, and that from this time until about 1904 the railroad company failed to use and maintain this part of the road or to exercise any acts of ownership over it for any purpose. Although this evidence from plaintiff's witnesses was contradicted by the testimony of witnesses for the defendant, the jury were authorized to find in favor of the plaintiff that there was a definite and intentional nonuser of this segment for the period stated, and that such nonuser constituted abandonment within the terms of the written agreement.

■ While upon a technical construction of the contract it might be considered as entire and not divisible, so that the railroad company would not lose its claim to any part of the right of way so long as it maintained and used substantially all of it, yet where there was a definite and positive nonuser by the railroad company of a particular segment of the right of way formerly occupied by it, the company itself is responsible for the severance and will not be heard to say that the contract is indivisible. An entire contract may be apportioned in some cases. Civil Code (1910), §§ 4228, 4229; *Moss* v. *Chappell,* 126 *Ga.* 196 (6) (54 S. E. 968); *Atlanta, Birmingham & Atlantic Ry. Co.* v. *County of Coffee,* 152 *Ga.* 432 (110 S. E. 214); *Hill* v. *Balkcom,* 79 *Ga.* 444 (5 S. E. 200); *Trawick* v. *Trussell,* 122 *Ga.* 320 (2) (50 S. E. 86). This case is distinguished from the cases relating to apportionment, relied on by counsel for the railroad company, in none of which was the easement founded upon a contract of the character of the one here under consideration.

■ There is no merit in any of the special grounds of the motion for a new trial, or any exception taken by the railroad company. The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Atkinson and Gilbert, JJ., who dissent.*