26646. ROBINSON *v.* LINDSEY, administrator.

DECIDED MARCH 9, 1938.

*S. B. McCall,* for plaintiff. *John C. Parker,* for defendant.

MacINTYRE, J. 1. A petition which sets forth the existence of a trust estate, its nature, the appointment of a trustee, and the designation of a cestui que trust, and alleges that said trust estate was maintained and operated by said trustee, and further alleges that during the operation of said trust estate by said trustee that the plaintiff, at the instance of said trustee, from time to time made certain advances to him for the benefit and use of said trust estate, and also for the benefit and use of said cestui que trust, and that in consequence of said advances the trustee executed a certain note in the amount sued for, which was attached to the petition as an exhibit, and names only the administrator of said cestui que trust as a party defendant, who it.is alleged has possession of the proceeds of the sale of said trust property, and prays for the amount stated in the note with interest, may be construed as an action in indebitatus assumpsit, with the note executed by said trustee set out by way of inducement, and as evidence of the alleged indebtedness. See *Poole* v. *Hines,* 52 *Ga.* 500, 502; *Turner* v. *Thompson,* 23 *Ga.* 49; *Hill* v. *Balkcom,* 79 *Ga.* 444 (5 S. E. 200); *Chapman* v. *Conwell,* 1 *Ga. App.* 212 (58 S. E. 137).

2. Where such a petition fails to allege the dates and the amounts of the advances so alleged to have been furnished, it was subject to a special demurrer calling for this information. Code, § 81-105.

3. In order to recover for advances made to a trustee for the benefit of the estate, and for the benefit of the cestui que trust, it should be alleged that such advances so made were necessary for the operation, protection, and preservation of the trust estate, and that the advances made for the benefit of the cestui que trust were necessary for her maintenance and support. An allegation that the advances "were made in connection with his farming of the lands in question and for the benefit of his cestui que trust and that as such trustee it was necessary for him, *according to statements made to creditor J. D. Robinson, now plaintiff, that the advances be made,*" does not sufficiently meet this requirement. The plaintiff's petition was therefore subject to general demurrer. See *Johnston* v. *Redd,* 59 *Ga.* 621; *Satterwhite* v. *Beall,* 28 *Ga.* 525; *Greenfield* v. *Vason,* 74 *Ga.* 126; *Sanders* v. *Houston Guano & Warehouse Co.,* 107 *Ga.* 49 (32 S. E. 610); Code, § 108-501.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*