S94A1917. MASSEY ASSOCIATES, LTD. v. WHITEHORSE INNS OF GEORGIA, INC. et al.
(454 SE2d 513)

BENHAM, Presiding Justice.

Appellant Massey Associates and appellee Whitehorse Inns of Georgia own contiguous parcels of real estate in DeKalb County. Massey's predecessor in title acquired its property by foreclosure under power of sale contained in a deed to secure debt. Located on Massey's tract is a sign that advertises the business operated by Whitehorse Inns. When Whitehorse Inns' predecessor in title refused Massey's request to remove the sign or pay reasonable rent therefor, Massey filed a dispossessory action to which appellee's predecessor filed a response claiming to have an appurtenant easement over Mas-

sey's property to operate and maintain the sign. Massey asserted that the easement had been extinguished by the foreclosure. Presented with cross-motions for summary judgment, the trial court granted that of Whitehorse Inns and denied Massey's motion, ruling that the easement claimed by Whitehorse Inns was in full force and effect, not having been terminated by foreclosure. Massey filed this appeal from that judgment.

Both tracts of land were formerly owned by Cecil B. Day Companies, Inc., which obtained a loan secured by both tracts in 1972. Day erected a sign advertising the location of a motel on the property. On April 30, 1980, Day divided the parcel of land into two tracts and sold the property now owned by Massey and on which the sign is located (the servient tract). Day kept the tract on which the motel was located (the dominant tract). The purchaser of the servient tract granted Day a perpetual non-exclusive easement allowing access to the sign and permitting the continued maintenance and display of the sign, and that easement was recorded on the day of the sale. In 1985, the grantee of the 1972 deed to secure debt issued a quitclaim deed to Day, releasing from the 1972 deed to secure debt the tract on which the motel was located. In 1991, Massey's predecessor in title purchased the 1972 deed to secure debt from the grantee and, later that year, acquired title to the servient tract by foreclosing under the power of sale contained in the 1972 deed to secure debt. Thereafter, Massey acquired title to the parcel through a limited warranty deed granted by its predecessor in title, and unsuccessfully sought rental for the use of the sign from Whitehorse's predecessor in title.

"Generally, an easement is lost by the foreclosure of a mortgage or trust deed on the servient tenement, where such mortgage or trust deed was executed prior to creation of the easement." 25 AmJur2d 515, Easements & Licenses, § 112. In Georgia, "the purchaser at a sale under a power of sale in a [deed to secure debt] 'takes the [grantee's] title divested of all incumbrances made since the creation of the power.'" *Mut. Loan &c. Co. v. Haas*, 100 Ga. 111, 116 (27 SE 980) (1896). Thus, when Massey's predecessor purchased the servient tract under the power of sale, it received the title the 1972 grantee had, without the encumbrance later placed upon the property by the grantor, i.e., without the encumbrance of the 1980 easement. Whitehorse acknowledges that the grantee had the right to terminate the sign easement by foreclosure on the servient tract prior to the issuance of the quitclaim deed. However, relying on language found in the quitclaim deed, Whitehorse contends that the 1985 quitclaim deed released the dominant tract *and* the sign easement across the servient

tract.[1] The pre-printed language at the bottom of the quitclaim deed stated that neither the grantor of the quitclaim nor any person claiming under the grantor had any claim or demand or any right of title to said premises or appurtenances. Seizing upon this language, Whitehorse postulates that the quitclaim deed automatically released from the deed to secure debt the undescribed and unreferenced easement appurtenant to the legally-described dominant tract.

We cannot agree. The grantee's interest antedated the sign easement and was never subordinated to the sign easement. The quitclaim deed released the grantee's interest in the legally-described dominant tract. All that quitclaim meant was that no one could claim later to have acquired from the grantee any right to the dominant tract or any right appurtenant to that tract. Massey is not claiming any right to the dominant tract or any right appurtenant thereto. Massey is not claiming a right to exercise the easement, i.e., the right to go upon the property to which it already has title for the purpose of maintaining someone else's sign there, but the right to be free of the easement. As noted above, Massey's predecessor in title took the title the grantee had in 1972. That title was not encumbered by the easement; neither is Massey's. The quitclaim deed was framed so as to exclude from its conveyance any right to the servient tract. To adopt Whitehorse's position would be to hold that the exclusion in the quitclaim was ineffective, and worse, that the quitclaim did not exclude the tract retained by the grantee, but conveyed specific rights to it. The boilerplate in the quitclaim cannot be read so broadly. The trial court erred when it concluded that foreclosure on the servient tract had not extinguished the sign easement, and granted summary judgment to Whitehorse.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 13, 1995 —
RECONSIDERATION DENIED MARCH 30, 1995.

*Glass, McCullough, Sherrill & Harrold, Geoffrey H. Cederholm III,* for appellant.

*Varner, Stephens, Humphries & White, Brendan J. McCarthy, J. D. Humphries III, Smith, Gambrell & Russell, E. Kendrick Smith,* for appellees.

---

[1] The quitclaim deed described itself as encompassing the entire tract of land described in the deed to secure debt, "less and except" all that tract of land more particularly described in an attachment. The attachment contained the legal description of the servient tract.