S95A1665, S95X1666. IRVIN et al. v. LAXMI, INC.; and vice versa.
(467 SE2d 510)

FLETCHER, Presiding Justice.

In this appeal, adjoining property owners dispute the scope of express easements to a private alley and a parking lot. The trial court ruled that Laxmi, Inc., as holder of the easement, may bury a propane tank in the alley and erect curbing in the parking lot. Because the easements do not grant the unrestricted right to construct curbing and the trial court did not determine the alley's location, we reverse

and remand.

In 1967, Irvin's predecessor-in-title conveyed by warranty deed a 0.18-acre lot and easement to Laxmi's predecessor-in-title to permit a motel expansion near the corner of Highway 441 and Warwoman Road in Clayton, Georgia.[1] The warranty deed easement gave Laxmi the right "to use the 20-foot private alley . . . in common" with Irvin. On the same day, a separate agreement between the same parties conveyed the Z-3 Easement, which created a perpetual easement for Laxmi to use a parking area in common with Irvin on land south of the 0.18-acre lot and adjacent to Rickman Street and prohibited Irvin from building within 200 feet east of the parking area to provide additional common parking space. In 1970, another document granted Laxmi the Q-4 Easement to "construct and maintain curbing, sidewalks, signs, and shrubbery" on the land west of the 0.18-acre tract to Highway 441. After both owners began improving their properties in 1995, they filed declaratory judgment actions concerning the extent of the easements. The trial court ruled that Laxmi may bury its propane tank in the private alley and construct the proposed curbing in the parking lot. Irvin appeals these rulings and, in the cross-appeal, Laxmi challenges the trial court's failure to define the alley.

1. In interpreting an express easement, the rules of contract construction apply. The construction of a contract is a question of law for the court.[2] The cardinal rule of construction is to ascertain the parties' intent.[3] Parol evidence may not be considered unless the written instrument is ambiguous.[4]

Under the Z-3 Easement, Laxmi may not install curbing that is unnecessary, limits access to the street, or obstructs parking. The agreement granted Laxmi "a perpetual easement in common with [Irvin] to use the entire parking area . . . for the purpose of parking cars of customers" on the parking area shown on a 1967 plat. The instrument required Laxmi to base and pave the parking area and install all necessary curbs and gutters and gave Irvin the responsibility to shape all entrances from the highway on the west and street on the south side of the parking area. The agreement also provided that "access to said parking area from the street on the south side thereof shall be at all times available."

(a) Construing this language, we conclude that the unambiguous terms of the Z-3 Easement prevent Laxmi from constructing any

---

[1] For the relative positions of the properties, see the appendix. The plat is not dispositive on the extent of the alley.

[2] *Hardman v. Chamber of Commerce*, 238 Ga. 551 (233 SE2d 753) (1977); OCGA § 13-2-1 (1982).

[3] OCGA § 13-2-3.

[4] See OCGA § 13-2-2.

curbing along the property line that divides the two parking lots fronting on Rickman Street. Since that proposed curbing would obstruct access to parking, it is not permitted as a matter of law.

(b) Contrary to the trial court's ruling, the Q-4 Easement does not amend the Z-3 Easement to permit Laxmi's curbing plan because the two easements deal with separate pieces of property. Therefore, we reverse the order granting Laxmi the right to construct the proposed curbing under the Q-4 Easement. Because we are unable to determine as a matter of law whether Laxmi's proposed curbing along the highway and street is necessary to the parking area and provides reasonable access as required under the Z-3 Easement, we remand for the trial court to hear parol evidence on those issues.

2. The remaining issue is whether the private alley exists between the old motel property and the 0.18-acre tract conveyed by the 1967 deed or extends from U. S. 441 east towards Warwoman Road. Both parties argue that the trial court should have determined the extent of the alley before determining whether Laxmi had the right to bury the gas tank under the easement.

We agree with the parties that the alley must be defined to determine whether Laxmi is attempting to bury the tank on land to which it has an easement or on Irvin's unencumbered property. The warranty deed easement granted Laxmi the right "to use the 20-foot private alley for himself, his licensees and invitees in common with" Irvin without providing a legal description of the alley or defining the rights granted. Instead, the easement referred to a 1967 plat for a more "complete description of the lands and rights" conveyed. That plat, however, fails to show the alley's complete path. Given the ambiguity of the warranty deed and 1967 plat, we cannot determine as a matter of law the extent of the alley. Accordingly, we reverse the ruling on the propane tank and remand for the trial court to hear parol evidence on the location of the alley before deciding the rights granted Laxmi under the warranty deed easement.

*Judgments reversed and remanded in Case Nos. S95A1665 and S95X1666. All the Justices concur.*

PLAINTIFF'S
EXHIBIT
1

DECIDED FEBRUARY 5, 1996.

*Stewart, Melvin & Frost, Frank W. Armstrong III,* for appellants.
*Carol A. Walker, Nicki N. Vaughan,* for appellee.