A96A2281. KHAMIS ENTERPRISES, INC. v. BOONE.
(480 SE2d 364)

Judge Harold R. Banke.

After Frank D. Boone filed a declaratory judgment action attempting to assert a right to a sign easement on certain property, Khamis Enterprises, Inc. ("Khamis") counterclaimed, seeking to eliminate Boone's claim of an easement interest. Following a bench trial, the court granted declaratory relief to Boone and denied Khamis' petition to quiet title. On appeal, Khamis enumerates seven errors.

In 1984, Boone acquired approximately one acre of undeveloped land. Several years later, Boone conveyed a "perpetual easement" to Nowlin Realty Trust, Inc. ("Nowlin") for the express purpose of constructing, operating and maintaining one outdoor advertising sign. This "1988 sign easement," recorded on June 8, 1989, did not specify a particular location for the sign. When Boone later sold the remaining land ("store property") in 1989 to Synergy Marts Corporation ("Synergy"), he conveyed it subject to an exception for a legally described four foot square section ("small parcel") intended as the base of a sign.

After Boone completed the transfer to Synergy, he pursued the acquisition of the sign easement from Nowlin so that he could erect a sign because Boone did not believe that the small parcel he owned was sufficient. In 1990, Nowlin and Tillman Nowlin Realty, Inc. ("Tillman") quitclaimed the sign easement to Boone in exchange for $20,000 and properly recorded the deed.

In 1991, Synergy conveyed its interest to Randall G. Guill, a principal in Khamis, who transferred his interest to Khamis in 1994. It is not contested that Boone is the fee simple owner of the small parcel or that Khamis owns the main store property, a convenience store/gas station site. Khamis challenges the trial court's determination that Boone is the holder and owner of rights to the sign easement on Khamis' servient property. *Held:*

1. Khamis contends that the trial court erred in determining that the 1990 quitclaim deed from Nowlin and Tillman to Boone had the effect of transferring a sign easement to Boone. Khamis argues

that the 1990 quitclaim deed failed to vest a sign easement in Boone and that Boone merely owns the small parcel, nothing more. Khamis further asserts that description in the 1988 easement conveyance was legally insufficient.

An easement interest can be effectively conveyed by the use of a quitclaim deed. *McDonald v. Dabney*, 161 Ga. 711, 729 (3) (132 SE 547) (1926). A quitclaim deed affords the same protection to a purchaser as a warranty deed when executed by the true owner and properly recorded. *Archer v. Kelley*, 194 Ga. 117, 122 (1) (21 SE2d 51) (1942); Pindar, Ga. Real Estate Law & Procedure, § 19-5 (4th ed. 1993).

In interpreting an express easement, the rules of contract construction apply and the cardinal rule is to ascertain the intent of the parties. *Irvin v. Laxmi, Inc.*, 266 Ga. 204, 205 (1) (467 SE2d 510) (1996). Arriving at this intention requires consideration of the whole deed, the contract, the subject-matter, the object, the purpose, the nature of restrictions or limitations, the attendant facts and circumstances of the parties at the time of making the deed, and the consideration involved. *Daniel v. Ga. Power Co.*, 146 Ga. App. 596, 599 (4) (247 SE2d 139) (1978).

The 1988 easement deed at issue here provides, "[s]aid perpetual easement is for the purpose of erecting, repairing, maintaining, improving and changing not more than one outdoor advertising structure(s) on the above described premises together with free right of ingress and egress. . . ." By its terms, Nowlin was to pay Boone $40,000 for the right to erect one sign anywhere on the property.

According to the express terms of the properly recorded 1990 quitclaim deed, Nowlin and Tillman agreed to "release, quitclaim and forever demise any interest they may have in the above-described property as may have been created by the easement deed recorded in Deed Book 5361, Page 206, Cobb County records and that sales contract recorded in Deed Book 5494, Page 140, Cobb County records." By this symmetrical language, Boone obtained the same easement rights which Nowlin had earlier obtained from him, an easement to place one sign anywhere on the servient property. Thus, when Nowlin and Tillman sold and conveyed the 1988 sign easement to Boone transferring the interest by the 1990 quitclaim deed, Boone became the owner of a sign easement as legally described in the Cobb records. *McDonald*, 161 Ga. at 729 (3).

The trial court correctly ascertained that the purpose of the 1990 quitclaim was to convey a sign easement to Boone. See *Rogers v. Pitchford*, 181 Ga. 845, 847 (184 SE 623) (1936). Parol evidence may not be considered unless the written instrument is ambiguous. *Irvin*, 266 Ga. at 205 (1). Here, there was no ambiguity and the construction of the quitclaim deed at issue was a question of law for the court.

OCGA § 13-2-1.

Notwithstanding Khamis' claim to the contrary, when Boone conveyed his interest to Synergy, that transfer was subject to Nowlin's existing duly recorded easement. *Calhoun v. Ozburn*, 186 Ga. 569, 572 (5) (198 SE 706) (1938). As the evidence shows that Nowlin was a purchaser for value and that the sign easement was properly recorded, Synergy and subsequent takers took subject to the sign easement. *Webster v. Snapping Shoals Elec. Membership Corp.*, 176 Ga. App. 265, 266 (1) (a) (335 SE2d 637) (1985).

Khamis argues that Boone cannot enforce an easement which he alleged in an earlier lawsuit had been procured by deception, fraud, and in breach of fiduciary duty. It is undisputed that the 1990 quit-claim deed at issue was executed to settle Boone's 1990 lawsuit against Nowlin and others. In that action, Boone alleged that Nowlin's 1988 sign easement was "forged, altered, invalid, and obtained by fraud and deceit." Relying in part on allegations from that suit, Khamis claims that the 1990 quitclaim deed merely terminated the alleged "forged easement" from 1988, evidenced Nowlin's complete cancellation of any easement rights, and perfected Synergy's rights. However, the earlier action which was dismissed with prejudice, lacked a court-rendered judgment, and had different parties. See OCGA § 9-12-40.

Boone's allegations in the earlier suit did not constitute judicial admissions which could not be later denied or disputed. When admissions in pleadings are introduced as evidence in a later and different action, as here, they no longer operate as admissions in judicio, but rather as evidentiary admissions which may be explained or contradicted. *Foster v. State*, 157 Ga. App. 554, 556 (278 SE2d 136) (1981). Boone's uncontroverted explanation was that he filed the prior action because he had not received full payment from Nowlin, desired to negotiate better terms, and wanted the easement in order to erect a billboard at a location other than on the small parcel.

Easements may only be terminated by operation of law or by the express terms of the deed granting the easement. Pindar, § 8-28. Because the instrument provided for a "perpetual" easement of indefinite duration, this easement could only be cancelled or terminated by operation of law. Khamis contends that the easement ceased to exist when Nowlin conveyed its easement rights to Boone because at that time the property interests reunited and merged. However, when Boone obtained the easement in 1990, he no longer owned the servient land, the store property, so no merger was possible. Compare *Wallace v. City of Atlanta*, 228 Ga. 166, 167 (184 SE2d 576) (1971).

Finally, we find no merit to Khamis' assertion that the 1990 quitclaim deed contains two "utterly inconsistent" clauses so as to

trigger the application of OCGA § 44-5-34. For the above reasons, the trial court did not err in finding that Boone is the owner and holder of a sign easement on Khamis' servient property.

2. The trial court correctly determined that Boone was not out of the chain of title after 1989. At the time Boone conveyed the store property to Synergy, the sign easement was of record and owned by Nowlin. The warranty deed conveying the store property was subject to all easements of record. All subsequent owners of the store property were on notice of and took subject to, the sign easement. *Deas v. Hughes*, 264 Ga. 9, 11 (3) (440 SE2d 458) (1994) (even where easement not referenced in deed of conveyance, notice may subject purchaser to an existing easement).

Although Khamis' expert, a real estate attorney, testified that she did not find an easement in her research of the grantor index, she admitted that she did not check the grantee index for Boone while doing the title search because she considered Boone out of the chain of title in 1989. However, the expert's testimony that she did not believe that there was a reason to check the grantee index, is not dispositive of the sign easement's existence, as the recorded documents disclose its existence. *Deas*, 264 Ga. at 11 (3).

3. In three enumerations, Khamis asserts that the trial court improperly considered extraneous matters and inadmissible evidence in determining the validity of Boone's easement interest. Easements may originate by express grant, prescription, implication, and condemnation. OCGA § 44-9-1. The easement right asserted here is based on an express grant, not a mistaken impression by the servient landowner or its agent. Guill's testimony that he offered to swap another small parcel with Boone after deciding that Boone's small parcel would interfere with his development plans is irrelevant to the issue of whether Boone had obtained an easement by express grant. Similarly, Guill's admission that he knew that Boone was claiming a right to the small parcel and a sign easement before he sold the store property to Khamis is also immaterial. The evidence supported the trial court's determination that the legal documents showed the creation of an easement. *Daniel*, 146 Ga. App. at 599 (4).

Nor must we consider whether the trial court incorrectly admitted testimony and exhibits relating to Boone's dealings with Khamis or with Corey Advertising. Whether the trial court considered Boone's negotiations with them is immaterial because a judgment right for any reason will be affirmed. *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47) (1991).

4. The trial court did not err in determining that Khamis was chargeable with notice of all conveyances duly recorded. Khamis claims that the trial court erroneously relied upon a 1991 legally deficient easement which Khamis tendered as Defendant's Exhibit 8 and

to which Khamis refers as a "void easement." The document, purportedly between Ted Crolley of Synergy and Boone in 1991, fails to specify a grantor, lacks a legible signature and is an invalid instrument. Both Boone and Khamis' expert testified it was not valid. Notwithstanding Khamis' argument, the record fails to show that the trial court gave any consideration to this document.

5. Inasmuch as the trial court did not err in finding that Boone is the owner and holder of an easement interest, it necessarily follows that the trial court properly denied Khamis' counterclaim to quiet title.

*Judgment affirmed. Beasley and Blackburn, JJ., concur.*

DECIDED JANUARY 24, 1997 — ▆▆▆▆▆▆▆

*McLarty, Robinson & Van Voorhies, John E. Robinson, Pratt H. Davis,* for appellant.

*Talley & Darden, David P. Darden,* for appellee.