A98A0884, A98A0885. SELLERS BROTHERS, INC. v. IMPERIAL FLOWERS, INC. (two cases).
(503 SE2d 573)

BLACKBURN, Judge.

This garnishment action is now in its third appearance before us. The Superior Court of Fulton County dismissed the claims of Sellers Brothers, Inc. in this matter, finding that Sellers had no grounds to rescind a settlement agreement entered into with Imperial Flowers, Inc. and that Imperial, therefore, had no obligation to return the settlement funds. The superior court also awarded attorney fees to Imperial, levying such fees against both Sellers and its attorney, Reuben T. Bussey. Sellers now appeals both actions of the superior court in separate appeals which are consolidated herein. For the reasons set forth below, we affirm, and we also levy penalties for frivolous appeal against both Sellers and Bussey.

The procedural history of this case is both drawn out and complicated. On December 11, 1995, the State Court of Fulton County entered a default judgment in favor of Imperial against Sellers, as garnishee, in the amount of $23,400.42 plus $101 in costs. Contending that a default judgment should not have been entered because it never received proper service, Sellers then applied to this Court for a discretionary appeal, which was denied on April 17, 1996. On April 23, 1996, Sellers filed a motion to set aside the default judgment on the grounds of improper service, and the state court denied this motion on June 4, 1996. On June 10, 1996, Imperial and Sellers entered into a settlement agreement whereby Sellers paid the sum of $21,000 to Imperial.

On June 20, 1996, not knowing that the settlement had been entered into and fully consummated, the state court, sua sponte, reversed its June 4, 1996 order, and it granted Sellers' motion to set aside the default judgment. On June 28, 1996, however, after being informed about the settlement, the state court vacated its June 20, 1996 order as moot, all issues having been resolved by the parties. Once again, Sellers applied to this Court for a discretionary appeal, alleging that the state court improperly vacated its June 20, 1996 order granting Sellers' motion to set aside the default judgment.

While this second application for discretionary appeal was pending, Sellers, on August 16, 1996, filed the present action in the Superior Court of Fulton County, seeking to recover the $21,000 settlement payment as well as punitive damages and attorney fees. Subsequently, Sellers' second application for discretionary appeal was denied on August 22, 1996, and, by order dated October 16, 1996, this Court levied frivolous appeal sanctions against Sellers because, after entering into a settlement of the case, it had no reasonable basis for anticipating a reversal of the trial court's decision to vacate its order. On June 24, 1997, the superior court dismissed Sellers' complaint, and on August 25, 1997, the superior court awarded attorney fees in the amount of $5,025 to Imperial against both Sellers and its attorney, Bussey. These two orders are the subject of Sellers' present appeal.

1. Having exhausted every other means of avoiding the consequences of its settlement in this case, Sellers now attempts to argue, in essence, that such decision was either involuntary or uninformed, thereby allowing rescission of the settlement. Sellers makes its arguments under the guises of fraudulent inducement and the doctrine of money had and received. Both contentions are patently untenable.

(a) Sellers argues that Imperial fraudulently induced it to enter into the settlement agreement. This argument is specious. Fraud is defined as the "[m]isrepresentation of a material fact, made willfully to deceive or recklessly without knowledge and acted on by the opposite party or made innocently and mistakenly and acted on by the opposite party." OCGA § 23-2-52. Sellers has failed to identify any fraudulent material misrepresentation made to it by Imperial which it relied on in entering the settlement agreement. There is no evidence that Imperial made any material misrepresentations to Sellers about service in the original action to induce it to enter into the settlement. Sellers had full knowledge of whether it had been served and could decide for itself whether such service was proper. Indeed, Sellers was aware of the dispute over service at the time it entered into the settlement agreement, having filed a motion to set aside the default judgment on the basis of the alleged improper service. Having agreed to settle the case, Sellers cannot now avoid the binding

nature of this agreement.

(b) Sellers also contends that the settlement agreement should be rescinded based on OCGA § 13-1-13. OCGA § 13-1-13 provides: "Payments of claims made through ignorance of the law or where all the facts are known and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party are deemed voluntary and cannot be recovered unless made under an urgent and immediate necessity therefor or to release person or property from detention or to prevent an immediate seizure of person or property."

Sellers' claim for rescission of the settlement based on this law is meritless, as it has shown no mistake or act of duress which would trigger this equitable remedy. Sellers claims that it entered the settlement agreement on the mistaken belief that the state court's June 4, 1996 order sustaining the default judgment was a final order. The order was in fact a final order. The trial court exercised its discretion in setting aside such final order. Sellers was fully aware of the court's authority to exercise its discretion as a matter of law. At the time of the settlement, Sellers acted on the order of the court as it then stood with full knowledge of all extant facts. Furthermore, although Sellers claims that Imperial threatened it with enforcement of the garnishment judgments it had legally received, thereby causing it to enter into the settlement, Sellers was not under the immediate threat of seizure of property such that OCGA § 13-1-13 would be applicable and Imperial was legally entitled to take the action it threatened. "One may not void a contract on grounds of duress merely because he entered into it with reluctance, the contract is very disadvantageous to him, the bargaining power of the parties was unequal or there was some unfairness in the negotiations preceding the agreement." (Punctuation omitted.) *Graham v. Cook*, 179 Ga. App. 603, 605 (2) (347 SE2d 623) (1986).

2. Sellers contends that it received no consideration from Imperial for entering into the settlement agreement, and, as such, the agreement should be rescinded. Once again, Sellers' argument is patently erroneous, as the settlement agreement compromised a judgment of over $24,000 for $21,000.

3. As this opinion, on its own accord, affirms the order of the trial court below, we need not consider Sellers' argument that it was improper for the trial court to base its summary judgment decision on an earlier opinion of the Court with regard to the imposition of frivolous appeal damages in the same case. Moreover, a "grant of summary judgment will be affirmed if it is right for any reason." *Deese v. NationsBank*, 222 Ga. App. 275, 277 (1) (474 SE2d 18) (1996).

4. Sellers contends that the trial court improperly levied attor-

ney fees against it in the amount of $5,025. We strongly disagree.

OCGA § 9-15-14 (a) allows the imposition of litigation costs and attorney fees against parties and attorneys who have "asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." As stated repeatedly in this opinion, Sellers' claims were patently unfounded. As such, the trial court properly assessed attorney fees and costs against Sellers and Bussey.

5. "Where parties enter into an agreement compromising and settling a claim about which there is a bona fide dispute, they are bound by the agreement, *even though one of the contentions thereafter appears to be without foundation in law.*" (Emphasis supplied.) *Littlegreen v. Gardner*, 208 Ga. 523 (3) (67 SE2d 713) (1951). Sellers has been informed of this law before three different courts in this state, and each time it has failed to heed what it has been told, despite the fact that it has previously been sanctioned for its actions.

This case should have ended on the date of the settlement, June 10, 1996. Now, almost two years later, Sellers and its attorney continue to burden Imperial and our courts with issues it could not reasonably believe to be tenable. Accordingly, we grant Imperial's motion to assess frivolous appeal damages in this case against both Sellers and Bussey. With regard to the appeal of the trial court's grant of summary judgment, we assess a penalty of $500 in accordance with Court of Appeals Rule 15 (b). With regard to the appeal from the trial court's imposition of legal costs and attorney fees, we assess a penalty of $502.50, in accordance with OCGA § 5-6-6. The trial court is directed to issue a judgment consistent with this opinion in favor of Imperial upon receipt of the remittitur.

*Judgments affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MAY 27, 1998 —

*Reuben T. Bussey, Jr.*, for appellant.
*Loewenthal & Jackson, Gary E. Jackson*, for appellee.