A98A1775. EAGLE GLEN UNIT OWNERS ASSOCIATION, INC.
v. LEE et al.
(514 SE2d 40)

JOHNSON, Chief Judge.

This appeal involves the issue of whether the foreclosure of a deed to secure debt encumbering one tract of land terminates an easement on an adjoining tract. We hold that, under the circumstances in this case, the easement over the adjoining tract was not terminated and, for that reason, affirm the trial court's grant of summary judgment to the owners of the foreclosed property.

Ultima/R. B. M. Nesbitt Associates ("Ultima") owned two adjacent parcels of real property. Ultima borrowed money from Great Southern Federal Savings & Loan ("Great Southern"), giving Great Southern a deed to secure debt encumbering both parcels. A year later, Ultima filed a condominium declaration in superior court. In the declaration, Ultima provided that one of the parcels was being submitted to the Georgia Condominium Act and that the adjacent "additional property" might later be developed and submitted to the Act.

The declaration provides, in pertinent part, that the property being submitted to the Georgia Condominium Act and the additional property are "benefitted and burdened by mutual, non-exclusive, and perpetual easements for pedestrian and vehicular ingress and egress, as reasonably necessary or appropriate to permit access to the [properties]." Specifically, the easements allow use of a private road running from a public street through the property submitted to the Act and ending just inside the additional property; according to the Lees, the road provides the only means of getting to and from their property.

The declaration of condominium further provides that the road would be maintained by the owners of the submitted property, that the owners of the additional property would use and pay a fee for maintaining the road and the owners of the additional property would allow the owners of the submitted property to use the easement across their property.

One of the parcels was developed into condominiums ("the association property"), but the additional property was not. When the association property was sold, Great Southern released it from the encumbrance of the security deed. The additional property was not released.

Ultima subsequently defaulted on the loan secured by the additional property. Great Southern foreclosed on the security deed and bought the parcel at the foreclosure sale. The Lees purchased the property and entered into a contract to sell it to a developer. The developer informed the Eagle Glen Unit Owners Association ("the unit owners") of its intent to use the road to access the additional property.

Concerned that the developer's use of the private road would cause traffic-related problems, the unit owners filed a declaratory action against the Lees and Homeland Communities, Inc. (collectively "the Lees"), contending the foreclosure of the additional property extinguished the easements on both properties. The unit owners sought a judgment declaring that the easement across its property terminated when, due to foreclosure, their right to use the easement over the additional property ended. Both sides moved for summary judgment. The trial court granted the Lees' motion and denied the unit owners' motion. The unit owners appeal from the grant of summary judgment to the Lees.

1. Easements may be terminated only by operation of law or by the express terms of the instrument granting the easement. See *Khamis Enterprises v. Boone*, 224 Ga. App. 348, 350 (1) (480 SE2d 364) (1997). For the following reasons, we find that the easement over the additional property terminated by operation of law, while the easement over the association property continued in existence.

(a) *Unit owners' easement over the additional property*. A deed to secure debt conveys legal title in the real property to the grantee with the grantor retaining an equitable estate. *Rhodes v. Anchor Rode Condo. &c.*, 270 Ga. 139-140 (1) (508 SE2d 648) (1998). Because legal title remains in the grantee until the terms of the security deed are satisfied, all subsequent conveyances of the real property after the deed to secure debt is executed remain subject to the security deed, unless the grantee releases the property by conveyance or contractually subordinates its rights. Id. In this case, the security deed was executed before the condominium declaration which created the

subject easement. Inasmuch as Great Southern did not release the additional property from the security deed or contractually subordinate its rights, the easement over that property remained subject to the security deed. See id. at 140 (1).

A valid foreclosure of a security deed not only vests legal title in the purchaser, it also divests all of the grantor's rights in the property as well as the rights of those claiming through the grantor. *Rhodes*, supra. Since the easement over the additional property was subject to the security deed, the unit owners' easement was extinguished by the foreclosure. See id. at 140 (2); *Massey Assoc., Ltd. v. Whitehorse Inns &c.*, 265 Ga. 320, 321 (454 SE2d 513) (1995) (easement is lost by foreclosure of security deed where security deed was executed prior to the creation of the easement).

(b) *Lees' easement over association property.* While the easement over the additional property terminated by operation of law, namely, through the legal effect of the foreclosure of the security deed which predated the granting of the easement, the easement over the association property did not. Therefore, this easement can be terminated only if the instrument granting it expressly so provides. See *Khamis Enterprises*, supra at 350.

In interpreting an express easement, the cardinal rule is to ascertain the parties' intent. *Irvin v. Laxmi, Inc.*, 266 Ga. 204, 205 (1) (467 SE2d 510) (1996). Arriving at this intention requires consideration of the whole instrument, the contract, the subject matter, the object, the purpose, the nature of restrictions or limitations, the attendant facts and circumstances at the time of making the instrument, and the consideration involved. *Khamis Enterprises*, supra at 349 (1).

We also point out that the law does not favor the termination of easements. See 25 AmJur2d, Easements & Licenses, § 110; 28A CJS, Easements, § 117. This principle, though not expressly stated in any Georgia cases we found, is consistent with our appellate court decisions. For example, our courts have stated that "[e]quity seeks to relieve against forfeitures where the rules of construction will allow. [Cit.]" *Kiser v. Warner Robins &c. Estates*, 237 Ga. 385, 386-387 (2) (228 SE2d 795) (1976) (easement not forfeited where grantee failed to keep easement repaired despite provision in instrument requiring grantee to do so). And that forfeitures are abhorred in equity and are never favored in law. *Chapman v. Ayer*, 95 Ga. 581, 582-583 (1) (23 SE 131) (1895). If forfeiture or termination of an estate based on breach of covenant or failure to use property as provided in the instrument is desired, the instrument should specifically so provide. *City of Atlanta v. Jones*, 135 Ga. 376 (69 SE 571) (1910). Likewise, an easement acquired by grant is not extinguished by nonuse without clear, unequivocal and decisive evidence of an intent to abandon the

easement. *Hardigree v. Hardigree*, 244 Ga. 830, 831 (2) (262 SE2d 127) (1979). Nor is an easement extinguished by a tax sale. *Smith v. Gwinnett County*, 248 Ga. 882 (286 SE2d 739) (1982). Our courts resolve doubtful cases in favor of that construction of the instrument which causes a right of ingress and egress to run with the land rather than merely with the original grantee of the easement. *Feckoury v. Askew*, 244 Ga. 128, 129 (259 SE2d 70) (1979).

The instrument in this case provides for a "perpetual easement" of indefinite duration and does not manifest any intention for the easement to be terminated. Compare *Weaver v. Henry*, 222 Ga. App. 103, 105 (3) (a) (473 SE2d 495) (1996) (where the instrument clearly limited the duration of the easement). Although the declaration provides that the easement over the association property is mutual, we cannot agree with the unit owners that "mutual" as used in this case means contingent or interdependent.

First, the declaration contains no language indicating that the continued existence of each easement depends upon the continued existence of the other. In fact, the declaration provides that the easements are to be perpetual unless and until all of the additional property is submitted to the declaration, a condition which no one claims occurred.

Second, it is clear from a review of the entire section on the ingress and egress easements that the primary purpose of the section is to provide the owners of the additional property with an easement over the association property; indeed, the clause contains provisions regarding responsibilities for maintaining and paying to use the easement over the association property, but makes no such provisions as to the easement over the additional property. That the easement over the association property was the primary easement involved is supported in the record by a copy of the plat and by testimony from the Lees that the road provided their sole means of accessing their property. We do not see any indication in the record that Ultima intended "mutual" to mean that the continued existence of each easement would be contingent upon the continued existence of the other, particularly given the evidence that the primary objective of the grants was to provide the (subsequent) owners of the additional property with an easement over the association property, not to provide the unit owners with an easement over the additional property. We note that the easement over the association property was supported by consideration, namely the obligation to pay for maintaining the road.

In this case, it is not at all likely that Ultima, which owned both properties and granted both easements, intended that subsequent owners of the additional property would not be able to use the private road connecting their property to the public road if the owners of the

association property lost their right to use the section of the road located on the additional property. The trial court did not err in granting summary judgment to the Lees.

2. The unit owners contend that the trial court erred in deciding the case based on OCGA § 44-3-95 (a), when that section is inapplicable because the declaration does not include a sufficient description of the easements. The trial court does not indicate in its order that it relied upon OCGA § 44-3-95 (a) in granting summary judgment. As discussed above, summary judgment to the Lees was authorized because the easement was not terminated by the express terms of the declaration or by operation of law. A grant of summary judgment which is right for any reason will be affirmed. *Sellers Bros., Inc. v. Imperial Flowers*, 232 Ga. App. 687, 689 (3) (503 SE2d 573) (1998).

3. Inasmuch as the unit owners did not meet their burden of showing they were entitled to judgment as a matter of law, the trial court did not err in denying their motion for summary judgment.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 26, 1999 —
RECONSIDERATION DENIED MARCH 29, 1999.

*Lipshutz, Greenblatt & King, Randall M. Lipshutz, Paula B. Smith*, for appellant.

*Schreeder, Wheeler & Flint, Timothy C. Batten, Dillard & Galloway, Andrea C. Jones*, for appellees.