## A00A2301. PREFERRED REAL ESTATE EQUITIES, INC. v. HOUSING SYSTEMS, INC.
### (548 SE2d 646)

RUFFIN, Judge.

Preferred Real Estate Equities, Inc. ("Preferred") filed this action for declaratory judgment and trespass, requesting the court to declare that an easement on Preferred's property has been terminated and that Housing Systems, Inc. ("HSI") is trespassing on the easement property. HSI counterclaimed, requesting the court to declare that the easement has not been terminated. On cross-motions for summary judgment, the trial court granted summary judgment to HSI and denied summary judgment to Preferred. Preferred appeals, and for reasons that follow, we affirm.[1]

On appeal, we review the trial court's grant of summary judgment de novo to determine whether the evidence of record, viewed in a light most favorable to the nonmoving party, demonstrates any genuine issue of material fact.[2] Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[3]

The evidence in this case shows that in 1981, Steak & Ale of Georgia, Inc. ("Steak & Ale") owned a parcel of land that contained a Bennigan's restaurant, a parking lot, and an office building. That year, Steak & Ale conveyed, by warranty deed ("deed"), that portion of land containing the office building ("office property") to Patlyn Associates ("Patlyn"). Steak & Ale retained the portion that included the restaurant and parking lot ("restaurant property"). In the deed, Steak & Ale granted an easement in the parking lot to Patlyn. In addition to granting the easement, the deed required Patlyn to maintain the parking lot and pay property taxes on the easement property. Specifically, the deed provided that Patlyn

> by the acceptance of this easement, understands and agrees that it shall have the sole obligation of maintaining the easement property in a good state of repair to the reasonable specifications of [Steak & Ale] at all times and that any and all taxes accruing against said easement property shall be the sole obligation of and be timely paid by [Patlyn]. In the event [Patlyn] fails to pay such taxes . . . and such failure continues *for a period of sixty (60) days after its receipt of*

---

[1] Preferred originally appealed to the Supreme Court of Georgia based on its belief that the case sounded in equity and involved title to land. The Supreme Court found that "any equitable relief sought is merely ancillary to the legal issues raised," and transferred the case to this Court.

[2] See OCGA § 9-11-56 (c); *Leal v. Hobbs*, 245 Ga. App. 443 (538 SE2d 89) (2000).

[3] See id.; see also *Paden v. Murray*, 240 Ga. App. 487 (523 SE2d 75) (1999).

*[Steak & Ale's] written notice thereof*, then, in that event, [Steak & Ale] shall have the right to cancel and terminate this easement hereby granted. . . . The easements granted hereby and the covenants contained herein shall be binding upon and shall inure to the benefit of [Steak & Ale] and [Patlyn], and their respective heirs, legal representatives, successors and assigns and shall be deemed easements and covenants running with the land.[4]

In 1989, Steak & Ale conveyed the restaurant property to S&A Properties Corporation, and in 1992, HSI acquired the office property. From 1981 to 1996, HSI and its predecessors in title did not receive any notices or demands for tax payments for the easement property and did not pay the taxes as required by the deed. Instead, Steak & Ale paid the taxes during this time.

In October 1996, HSI received a written demand from "S&A Restaurant Corp." to reimburse Steak & Ale for tax payments it made on the easement property over the previous 16 years. The letter, dated October 7, 1996, stated in pertinent part:

Pursuant to the above-referenced Deed, enclosed is . . . Bennigan's general ledger regarding yearly Fulton County paid taxes. Highlighted for your convenience is the easement tract taxes paid totaling $14,747.52. Kindly reimburse Steak and Ale of Georgia, Inc. $14,747.52 within sixty days (60) days from today's date.

HSI did not comply with the request, and on July 25, 1997, the assistant secretary of Steak & Ale filed an "Affidavit of Cancellation and Termination of Easement" in the county land records. The affidavit states that it was recorded for "the purpose of giving public notice that [Steak & Ale], pursuant to its rights under the Deed, has canceled and terminated the Easement due to [Patlyn's] failure to pay . . . $14,747.52 in taxes on the easement property."

On September 30, 1997, S&A Properties conveyed the restaurant property to Preferred. Preferred subsequently filed this action for a declaration that the easement has been terminated. In its motion for summary judgment, HSI asserted, among other arguments, that Preferred's predecessors had no right to terminate the easement because they failed to properly notify HSI of the default. We agree.

The office property owner's duty to timely pay the accruing taxes

---

[4] (Emphasis supplied.)

is a condition subsequent.[5] Upon breach of this condition and a failure to cure after proper notice, the restaurant property owner had a right of entry which would serve as a forfeiture of the easement.[6] In determining whether the deed gave the restaurant property owner a right of entry in this case, we are guided by the rules of contract construction.[7] Although the cardinal rule of construction is to ascertain the parties' intent,[8] the law in Georgia does not favor the termination of easements.[9] Consequently, where a party attempts to terminate an easement according to a forfeiture clause contained in a deed, the forfeiture clause is " 'subject to a very strict construction,' " and the party attempting the termination must strictly comply with the terms of the clause.[10] Furthermore, it is irrelevant whether the party defending against the forfeiture

> was in fact harmed by failure to give [proper notice], . . . the question being whether [the party attempting the termination] can insist upon a forfeiture clause in the contract when it has not complied with the terms of the contract under which such forfeiture clause may be invoked.[11]

In this case, the forfeiture clause provides that if the office property owner fails to pay the accruing taxes, and "such failure continues for a period of sixty (60) days after its receipt of [the restaurant property owner's] written notice thereof," then the restaurant property owner has a right of entry. Strictly construing this language, it required the notice to be given by the restaurant property owner.

Preferred's predecessor, S&A Properties Corporation, did not strictly comply with this requirement. The notice was not from the owner of the restaurant property. Indeed, the notice was clearly sent by "S&A Restaurant Corp.," and there is no evidence that this entity ever owned the restaurant property. Although, at the time the notice was sent, the restaurant property was owned by a company with a similar name, we are unaware of any evidence establishing the relationship between the two entities, much less establishing that S&A Restaurant Corporation was authorized to provide the notice on behalf of S&A Properties Corporation. Indeed, in the October 7 letter,

---

[5] See OCGA § 44-6-42; *Wilkes v. Groover*, 138 Ga. 407, 408 (1), (2) (75 SE 353) (1912).

[6] See OCGA § 44-6-42; *Wilkes*, supra.

[7] See *Khamis Enterprises v. Boone*, 224 Ga. App. 348, 349 (480 SE2d 364) (1997).

[8] See id.

[9] See *Eagle Glen Unit Owners Assn. v. Lee*, 237 Ga. App. 240, 242 (1) (b) (514 SE2d 40) (1999); see also *Burritt v. Media Marketing Svcs.*, 204 Ga. App. 848, 849 (3) (420 SE2d 792) (1992) (stating that forfeitures are not favored).

[10] Id.

[11] (Punctuation omitted.) Id.

S&A Restaurant Corporation does not even state that it was demanding payment on behalf of S&A Properties Corporation. Thus, HSI was not properly notified of its failure to pay the taxes, and the owner of the restaurant property was not entitled to terminate the easement.[12]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 23, 2001.

*Friedman, Dever & Merlin, Hayes M. Dever, Michael F. O'Neill,* for appellant.

*Schreeder, Wheeler & Flint, David H. Flint, Timothy C. Batten, Kevin T. Caiaccio,* for appellee.

---

[12] We note that although Steak & Ale was the entity that attempted to terminate the easement, that company did not own the restaurant property when it filed the "Affidavit of Cancellation and Termination of Easement." It is thus unclear where Steak & Ale derived its purported authority to terminate the easement.