[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 10, 2012
JOHN LEY
CLERK

Nos. 10-15115 & 10-15878

_____

D.C. Docket No. 0:10-cv-60400-JIC

SHELDON STORFER,

Plaintiff

ADELE STORFER, as Wife and
Best Friend of Sheldon Storfer,

Plaintiff-Appellee,

versus

GUARANTEE TRUST LIFE INSURANCE COMPANY,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(January 10, 2012)

Before WILSON and COX, Circuit Judges, and RESTANI,[*] Judge.

_____

[*]Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

PER CURIAM:

The Plaintiff, Adele Storfer, suing on behalf of her husband, Sheldon Storfer, obtained a judgment against the Defendant, Guarantee Trust Life Insurance Company, for benefits payable under a home health care insurance policy. The Defendant appeals. (Our Case No. 10-15115.) Following judgment, the district court awarded the Plaintiff attorneys' fees and costs. Again, the Defendant appeals. (Our Case No. 10-15878.)

## I. BACKGROUND

The facts in this case are largely undisputed. In 1997, Sheldon Storfer ("Storfer") purchased a home health care policy from the Defendant. The policy covers certain custodial care expenses delivered in a patient's home.

In 2009, Storfer entered an assisted-living facility named God's VIP Senior Haven ("God's VIP"). It is undisputed that God's VIP is Storfer's "home" within the meaning of the policy. God's VIP provided Storfer custodial care, and included the price for that care in his monthly rent. After his first month in the facility, Storfer's wife, acting on his behalf, submitted a claim under the policy for $3,000, the full amount of his monthly rent. The Defendant denied the claim. Storfer then sued the Defendant in state court to recover benefits under the policy. The Defendant timely

2

removed to federal court, invoking the court's diversity jurisdiction.[1]  After both parties moved for summary judgment, the district court granted the Plaintiff's motion and denied the Defendant's motion.  The court then entered judgment for the Plaintiff.  The Defendant appeals.

The Defendant contends that Storfer's care is not covered under the plain language of the policy.  The policy pays for "Covered Expenses," which include "[v]isits by a Home Health Aide to provide custodial care and other personal health care services specifically ordered by a Doctor."  (R.1-1 at 23.)  A "Home Health Aide" means "an individual who is on the staff or is employed by a Home Health Agency . . . ."  (*Id.* at 21.)[2]  The policy defines a Home Health Care Agency to mean: "[A] service or agency which is licenced by or legally operated in your state.  This does not mean or include Employment Agencies or Nurses Registries unless they are licensed as a Home Health Care Agency."  (*Id.*)

## II.  STANDARD OF REVIEW

"We review a grant of summary judgment *de novo*, applying the same legal standards that bind the district court."  *Midrash Sephardi, Inc. v. Town of Surfside*,

---

[1]Sheldon Storfer's citizenship is not apparent from the district court record, but the parties have agreed that he was a Florida citizen at relevant times, which supports the court's diversity jurisdiction.

[2]Under the policy, a Home Health Care Agency and a Home Health Agency mean the same thing.

366 F.3d 1214, 1222–23 (11th Cir. 2004) (citing *Cast Steel Prods., Inc. v. Admiral Ins. Co.*, 348 F.3d 1298, 1301 (11th Cir. 2003)).  Under Florida Law, "It is well settled that the construction of an insurance policy is a question of law for the court." *Jones v. Utica Mut. Ins. Co.*, 463 So. 2d 1153, 1157 (Fla. 1985) (citing *Zautner v. Liberty Mut. Ins. Co.*, 382 So. 2d 106, 107 (Fla. Dist. Ct. App. 1980)).  When contract language is unambiguous, a court should "give the plain language in the contract the meaning it clearly expresses." *N. Pointe Cas. Ins. Co. v. M & S Tractor Servs., Inc.*, 62 So. 3d 1281, 1282 (Fla. Dist. Ct. App. 2011).

## III.  DISCUSSION

The Defendant contends that the custodial care expenses claimed are not covered expenses under the policy, and presents three arguments in support of this contention.  We address in turn each of these arguments.

First, the Defendant argues that God's VIP is not a Home Health Care Agency within the meaning of the policy.  It argues that the second sentence in the definition of Home Health Care Agency creates a condition precedent for coverage—that the service or agency must be licensed by the state of Florida as a home health agency.  Florida's Home Health Services Act (the "Act") requires home health agencies to be licensed in order to legally operate in the state.  Fla. Stat. § 400.464(1).  At the time the policy was written, the Act exempted employment agencies and nurses registries

4

from its licensure requirements. Both entities could legally operate as a home health agency without obtaining a home health agency license under Fla. Stat. § 400.464. After the policy was delivered, Florida amended the Act and made assisted-living facilities exempt from the Act's licensure requirements so long as they are licensed as an assisted-living facility under a separate statute. *See* Fla. Stat. § 400.464(5)(h). Because the policy excludes coverage for care provided by the only two agencies exempt under Fla. Stat. § 400.464(1) when the policy was written, the Defendant contends the second sentence demonstrates a clear intent to restrict coverage to care provided by agencies licensed under Fla. Stat. § 400.464(1). Because God's VIP is not licensed as a home health agency under that statute, the Defendant argues the policy does not cover the health care services in question.

The district court concluded that the policy provisions at issue were unambiguous, and rejected this argument. The plain language of the policy also requires us to reject this argument. In the definition of Home Health Care Agency, the first sentence merely requires that Storfer's custodial care be provided by "a service or agency which is licensed by or legally operated in your state." (R.1-1 at 21.) God's VIP is separately licensed as an assisted-living facility and is legally operating in Florida. The second sentence in the definition merely excludes coverage for custodial care provided by employment agencies and nurses registries. If the

5

Defendant wanted to tie coverage to licensure as a home health agency under Fla. Stat. § 400.464(1), it should have done so expressly.

Second, the Defendant argues that, assuming the policy language is ambiguous, the parties clearly intended to exclude coverage in this case. Because we agree with the district court that the policy language is not ambiguous, we need not address this argument.

Third, the Defendant argues that the covered custodial care provided by God's VIP cannot be separated from the room and board charges, which are not covered. Yet, it is undisputed that Storfer is receiving some covered custodial care from God's VIP. Ordinarily, uncertainty or difficulty in proving the amount of damages will not prevent recovery. *See, e.g.*, *Berkshire Mut. Ins. Co. v. Moffett*, 378 F.2d 1007, 1011 (5th Cir. 1967); *Twyman v. Roell*, 166 So. 215, 218 (Fla. 1936); *Centex-Rooney Const. Co. v. Martin Cnty.*, 706 So. 2d 20, 28 (Fla. Dist. Ct. App. 1997). Thus, the factual difficulty in proving the amount of money due Storfer under the policy is no bar to his recovery for covered services so long as there is a reasonable basis for the amount awarded. Here, the court awarded damages based on the parties' stipulation as to the amount of Storfer's total monthly bill that can be considered custodial health care.

## IV. CONCLUSION

For the forgoing reasons, the district court properly granted summary judgment to Storfer. The judgment in our Case No. 10-15115 is affirmed. Because the Defendant challenges the award of attorneys' fees and costs in our Case No. 10-15878 on the sole ground that summary judgment was improperly granted in our Case No. 10-15115, the award of attorneys' fees and costs in our Case No. 10-15878 is affirmed.

AFFIRMED.