[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11852
Non-Argument Calendar
_____

D.C. Docket No. 7:10-cv-00122-HL


KURT F. WILKENING,

                                                        Plaintiff-Appellee,

versus

VEOLIA ES EVERGREEN LANDFILL, INC.,
a Georgia corporation,
VEOLIA ES PECAN ROW LANDFILL, LLC,
a Georgia limited liability corporation,

                                                        Defendants-Appellants,


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____
(October 2, 2012)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

After a bench trial, Defendants Veolia ES Evergreen Landfill, Inc. and

Veolia Pecan Row Landfill, LLC appeal the district court's final judgment in favor

of Plaintiff Kurt Wilkening on his claims of breach of contract under Georgia law

and for declaratory judgment.  After review, we affirm.[1]

## I.  BACKGROUND FACTS

### A.    The Royalty Fees Contract

Plaintiff Wilkening's company, Big Bin Services, Inc. ("Big Bin"),

purchased a piece of property in Lowndes County, Georgia.  Big Bin then

obtained a permit to operate a landfill on the site.

In 1991, Plaintiff Wilkening sold Big Bin and its assets to Equivest Waste

Solutions.  At the same time, Big Bin agreed to pay Plaintiff Wilkening royalty

fees of "$1.00 for each ton of waste, if any, delivered to the Landfill (including

any contiguous and/or vertical expansions thereof approved by the Environmental

Protection Division of the Georgia Department of Natural Resources) . . . and

accepted by Big Bin . . . ."  (Emphasis added).  The contract defined "contiguous"

to mean "any property within a one mile radius of the Landfill."  Thus, Big Bin

agreed to pay royalty fees for "waste" delivered to the landfill or to an expansion

---

[1]"We review a grant of summary judgment de novo, applying the same legal standards that bind the district court."  Storfer v. Guar. Trust Life Ins. Co., 666 F.3d 1277, 1278-79 (11th Cir. 2012).

on any property within one mile of the landfill.

In 1998, through a series of mergers and corporate name changes, Defendant Veolia Pecan Row Landfill, LLC ("Veolia Pecan Row") became the owner and operator of Big Bin's "Landfill." Defendants Veolia Pecan Row and Veolia ES Evergreen Landfill, Inc. ("Veolia Evergreen") are both wholly-owned subsidiaries of Veolia ES North America, LLC.

In 2002, Defendant Veolia Evergreen acquired an already-permitted landfill from the Deep South Regional Solid Waste Management Authority ("Deep South Authority"). Veolia Evergreen's landfill is adjacent to, and shares a common boundary with, Veolia Pecan Row's landfill. Veolia Evergreen acquired this adjacent landfill intending to move Veolia Pecan Row's operations and waste stream to the Evergreen landfill once the Pecan Row landfill reached capacity, which it did in 2010. In addition, between 2002 and 2010, the two landfills shared Pecan Row's mailing address, front entrance, scales and some internal roads.

## B.    Wilkening's Complaint

Plaintiff Wilkening's complaint alleged that Defendants breached the royalty fees contract by failing to pay Wilkening for (1) reusable or recyclable material delivered to Veolia Pecan Row's landfill and (2) material deposited in Veolia Evergreen's adjacent landfill. Wilkening sought damages in the form of

3

royalty payments for material deposited in Veolia Pecan Row's and Veolia Evergreen's landfills.

After extensive discovery, Wilkening moved for summary judgment.  In response, Defendants Veolia Pecan Row and Veolia Evergreen argued: (1) that recyclable and reusable material delivered to the Pecan Row landfill is not "waste" under the royalty fees contract because it is not deposited in the landfill so as to deplete capacity; and (2) that Veolia Evergreen's landfill is a separate landfill, rather than an "expansion" of Veolia Pecan Row's landfill within the meaning of the royalty fees contract.[2]

## C.    District Court's Rulings

The district court granted Plaintiff Wilkening's summary judgment motion as to liability, but denied it as damages.  The district court found the term "waste" in the royalty fees contract to be unambiguous and refused to "look outside the four corners of the Agreement to define the term."  Instead, the district court concluded that "[w]aste simply means waste."  The district court referred to the ordinary, dictionary definition of "refuse or superfluous material" and "damaged,

---

[2]Veolia ES North America, LLC was named as a defendant in Wilkening's original complaint, but not in his amended complaint.  Defendants Veolia Pecan Row and Veolia Evergreen are represented by the same counsel and made a joint response to Plaintiff's motion for summary judgment.

defective, or superfluous material produced during or left over from a manufacturing process or industrial operation, scrap, refuse from places of human or animal habitation and garbage, rubbish." (Quotation marks omitted). The district court determined that the ordinary definition of "waste," would include the kind of recyclable and reusable material (such as construction and demolition material, chemical mixing agents, shredder fluff, foundry sand and by-product ash) delivered to Defendants' landfills and that how Defendants classified this material after delivery was irrelevant. Thus, the district court concluded that under the royalty fees contract, Wilkening is entitled to payment for waste, including waste Veolia Pecan Row classified as recyclable and reusable, delivered to Veolia Pecan Row's landfill.[3]

With respect to Veolia Evergreen's landfill, the district court noted the following undisputed facts: (1) the EPD issued a solid waste permit for the landfill Veolia Evergreen purchased, and the permit was transferred to Veolia Evergreen; (2) Veolia Evergreen "purchased the Evergreen Landfill in order to continue and expand its solid waste business"; (3) "the Evergreen Landfill is located within one mile of the Pecan Row Landfill." The district court concluded that, because

---

[3]The district court determined, however, that Georgia's six-year statute of limitations barred Wilkening from seeking damages for nonpayment of royalties prior October 20, 2004. That ruling is not at issue on appeal.

Veolia Evergreen's landfill is located within a one mile radius of Veolia Pecan Row's landfill, Wilkening is entitled to royalty payments for past and future waste delivered to the Veolia Evergreen landfill.  After a hearing, the district court issued a second order awarding Wilkening $707,411.01 in damages for unpaid royalty payments.

## II.  DISCUSSION

On appeal, Defendants do not challenge the amount of damages.  Rather, they argue, as they did in the district court, that (1) "waste" does not include recyclable or reusable material; and (2) the Veolia Evergreen landfill is not a contiguous "expansion" of the Veolia Pecan Row landfill.

After review of the record and the parties' briefs, we find no reversible error in the district court's grant of partial summary judgment to Wilkening.  The district court properly concluded that the term "waste" in the royalty fees contract is unambiguous and should be given its plain and ordinary meaning.  See American Empire Surplus Lines Ins. Co. v. Hathaway Dev. Co., Inc., 288 Ga. 749, 750, 707 S.E.2d 369, 371 (2011) (explaining that if the contract's terms are unambiguous, the court enforces the contract according to its terms and looks only to the contract for the meaning); Benton v. Patel, 257 Ga. 669, 672, 362 S.E.2d 217, 220 (1987) (stating that words in a contract "will be given their ordinary

6

signification, and where the language in the document is plain, its meaning will not be extended by interpretation"); O.C.G.A. § 13-2-2(2) (providing that contract terms are generally given their "usual and common signification").

For the reasons given by the district court, we find no merit to Defendants' argument that the term "waste" actually refers to "solid waste," as defined in the Georgia's Solid Waste Management Act, O.C.G.A. § 12-8-22(25).  Nor do we accept that the term "waste" contains a latent ambiguity in that it could refer to "solid waste."  As the district court explained, had the parties intended this meaning, commonly used in the waste management industry, they could have inserted the word "solid" before the word "waste," but they did not.  Moreover, because the term "waste" is clear and unambiguous, the district court correctly declined Defendants' invitation to look outside the contract to determine the parties' intent.  See Irvin v. Laxmi, Inc., 266 Ga. 204, 205, 467 S.E.2d 510, 512 (1996) ("Parol evidence may not be considered unless the written instrument is ambiguous."); S. Fed. Sav. & Loan Ass'n of Atlanta v. Lyle, 249 Ga. 284, 287, 290 S.E.2d 455, 458 (1982) (stating that the court may "look outside the written terms of the contract" to determine the parties' intent only when an ambiguity exists).

Defendants also challenge the district court's conclusion that the Veolia

7

Evergreen landfill was a "contiguous" "expansion" of Veolia Pecan Row's landfill. Defendants point to the fact that the Evergreen landfill was originally developed and separately permitted by the Deep South Authority to compete with the Pecan Row landfill. However, in this record, it is also undisputed that Veolia Evergreen acquired the landfill in 2002 for the purpose of moving Veolia Pecan Row's operation and customers to the Veolia Evergreen landfill when the Pecan Row landfill filled up. In fact, Veolia Evergreen represented to the EPD that its landfill was intended "to serve as a continuation of landfilling for the Pecan Row Landfill once that landfill reaches capacity" and that "both landfills will handle the same waste stream in succession from Pecan Row Landfill to Evergreen Landfill." Similarly, in meetings with EPD staff, Veolia consultants explained that Veolia (the parent company of Veolia Pecan Row and Veolia Evergreen) planned to "move their operations to the Evergreen site" as the Pecan Row landfill filled up. Between 2002 and 2010, the Veolia Evergreen landfill shared the Veolia Pecan Row landfill's mailing address, front entrance, scales and some internal roads. And, by the time the Veolia Evergreen landfill began operating in 2010, the Veolia Pecan Row landfill's customers and employees in fact had been "transitioned" to the Veolia Evergreen landfill.

Defendants also point out that the EPD does not consider the Veolia

8

Evergreen landfill to be a horizontal or vertical "expansion" of the Veolia Pecan Row landfill, as those terms are defined by Georgia law, and has not regulated it as such. This is not surprising since no one contends that the Veolia Evergreen landfill is a horizontal or vertical expansion. See O.C.G.A. § 12-8-24(e)(1)(C)(ii) (requiring permit modifications for "vertical or horizontal expansion"); Ga. Comp. R. & Regs. § 391-3-4-.01(29) & (74) (defining lateral and vertical expansion). Moreover, EPD staff testified that, although the Veolia Evergreen and Veolia Pecan Row landfills are separately-permitted landfills, they would be counted as one landfill under O.C.G.A. § 12-8-25.4 because the Veolia Evergreen landfill is a "contiguous expansion" of the Veolia Pecan Row landfill under that statute. See O.C.G.A. § 12-8-25.4 (allowing only three permitted solid waste facilities within a two-mile radius, but providing that two contiguous facilities with the same owner and permitted for the same type of landfill are counted as one).

Finally, Defendants assert two additional arguments for why they are not liable: (1) Veolia Evergreen was not a "successor" party to Big Bin under the royalty fees contract; and (2) Veolia Pecan Row itself never "accepted" waste delivered to the Veolia Evergreen landfill. Because Defendants did not fairly raise these issues before the district court, we do not address them. See Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 598-99 (11th Cir. 1995) (en banc)

9

(explaining that arguments not fairly raised in the district court generally are not considered on appeal); In re Pan Am. World Airways, Inc., 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it.").

For these reasons, we affirm the district court's final judgment in favor of Plaintiff Wilkening.

**AFFIRMED.**